[Cite as *State ex rel. Chatfield v. Flautt*, 2011-Ohio-4659.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL,<br>JAMES CHATFIELD | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Relator | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11-CA-6 |
| JOSEPH A. FLAUTT | O P I N I O N |
| Respondent | |


CHARACTER OF PROCEEDING:      Writ of Mandamus - Public Records


JUDGMENT:      Denied


DATE OF JUDGMENT ENTRY:      September 6, 2011


APPEARANCES:


For Relator                                           For Respondent


JAMES CHATFIELD                          JOSEPH A. FLAUTT
1580 State Route, 56 SW                   Perry County Prosecuting Attorney
P.O. Box 69 A#598109.00                 111 N. High Street
Building D-4, Cubicle 169-B              P.O. Box 569
London, Ohio 43140-0069               New Lexington, Ohio 43764-0569

*Hoffman, J.*

**{¶1}** Relator, James Chatfield, has filed a Complaint for Writ of Mandamus against Joseph Flautt, the Perry County Prosecuting Attorney, alleging failure to comply with the Public Records Act.

**{¶2}** "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, 6; R.C. 149.43(C)(1).

**{¶3}** R.C. 149.43(C)(1) provides in part, "[T]he person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section. . ." R.C. § 149.43.

**{¶4}** Relator filed a "request for justiciable finding for public records" with the judge who sentenced him. The trial court issued an entry which provides in relevant part, "The Columbus Police Department Division of Records shall provide to the Defendant James L. Chatfield any and all records pertaining to the theft and impoundment of a white Ford Explorer allegedly being driven by Christopher Carter. Said records for the dates of November 19, 20, 25, 26, 27 and 30, 2008 shall be made available. Said records were previously requested by the Defendant by a letter received by the Division of Police on June 3, 2010." (Judgment Entry 11/30/10, Case Nos. 09-CR-0003 and 08-CR-0050, Perry County Common Pleas Court). Relator is currently incarcerated.

{¶5} The Ohio Public Records Act, R.C. 149.43, imposes restrictions upon inmates seeking certain public records. R.C. 149.43(B)(8) provides,

{¶6} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." R.C. § 149.43(B).

{¶7} As the Supreme Court has observed, ""R.C. 149.43(B)(4) clearly sets forth heightened requirements for inmates seeking public records. The General Assembly's broad language clearly includes offense and incident reports as documents that are subject to the additional requirement to be met by inmates seeking records concerning a criminal investigation or prosecution. The General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 856 N.E.2d 966, 2006-Ohio-5858.

{¶8} The order obtained by Relator from the trial court judge allows Relator to obtain copies from the Columbus Police Department. Relator has failed to demonstrate that Respondent is the "public office or person responsible" for the records ordered released by the trial court judge. The order obtained clearly identifies the Columbus Police Department as the public office in possession of the records approved for release to Relator. For these reasons, Relator has not demonstrated Respondent has a clear legal duty to provide the requested records. Therefore, the Complaint for writ of mandamus is denied.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

_____

HON. WILLIAM B. HOFFMAN

_____

HON. W. SCOTT GWIN

_____

HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX REL,                    :
JAMES CHATFIELD                           :
                                          :
     Relator                             :
                                          :
-vs-                                      :                    JUDGMENT ENTRY
                                          :
JOSEPH A. FLAUTT                          :
                                          :
     Respondent                          :                    Case No. 11-CA-6

For the reason stated in our accompanying Opinion, the Complaint for Writ of Mandamus is denied. Costs to Relator.

_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. JULIE A. EDWARDS